## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In the Matter of the Estate of* **FRANK P. LAGANO, a/k/a FRANK P. LAGANO, SR.,** Deceased. | Case No. 20–cv–10793–MCA–ESK REPORT AND RECOMMENDATION |

**KIEL**, U.S.M.J.

It was observed more than 38 years ago that "[t]he probate exception is one of the most mysterious and esoteric branches of the law of federal jurisdiction." *Dragan v. Miller*, 679 F.2d 712, 713 (7th Cir. 1982). Courts have remarked that "the precise contours" of the probate exception "have proven difficult to draw." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 226–27 (3d Cir. 2008).

Anthony Trobiano's motion to remand pursuant to 28 U.S.C. §1447(c) (Motion to Remand) contends that the probate exception divests the Court of subject matter jurisdiction. (ECF No. 4.) The decedent's son and the Estate's administrator, Frank Lagano, disagrees, and urges the Court to retain diversity jurisdiction. (ECF Nos. 8–11.) District Judge Madeline Arleo has referred the Motion to Remand to me for a Report and Recommendation. I must therefore determine where the contours of the probate exception lie and whether the exception encompasses this dispute, necessitating remand.

This case originated in the Law Division of the New Jersey Superior Court in October of 2018, was removed to this Court in February of 2019, was dismissed in June of 2020, was refiled in the Probate Part of the Chancery Division three months ago pursuant to Judge Arleo's directive, and, most recently, was removed again. The question of where this case should be heard must be resolved. Since

I find that the probate exception applies, I recommend that the Motion to Remand be **GRANTED**.

## BACKGROUND

### I.   RELATED LITIGATION

#### A.   Trobiano's Claims in the New Jersey Superior Court, Civil Part

On October 11, 2018, Trobiano filed a complaint in the New Jersey Superior Court, Law Division (Civil Complaint) against Lagano and Liberty Mutual Insurance Company (Related Case). (RC ECF No. 1-1.)[1] The Civil Complaint alleges that decedent Frank P. Lagano (decedent) failed to repay loans from Trobiano and his daughter, Tracy Trobiano, in the total amount of $187,500.00 (Loan). (*Id.* ¶¶ 15–18.) Trobiano claims "[n]o portion of the Loan[] has been repaid." (*Id.* ¶ 19.) On August 15, 2018, Trobiano made written demand to Lagano. (*Id.* ¶ 20.) Lagano is the son of the decedent, who died on April 12, 2007. (*Id.* ¶ 2.) Lagano "has [either] failed … or refused to repay the Loan[]." (*Id.* ¶ 21.)

The Civil Complaint sought judgment against Lagano "individually and as Substitute Administrator[.]" (*Id.* pp. 6–11.) It asserted six causes of action: money lent (count one); money had and received (count two); breach of contract (count three); implied breach of contract (count four); unjust enrichment (count five); and—of particular note—claims pursuant to N.J.S.A. 3B:22-40, which is entitled *Heirs and Devisees Liable for Debt of Decedent* (count six). (*Id.* pp. 5–10.) The Civil Complaint identified both probate and non-probate assets—those jointly held by both decedent and his surviving spouse, Frances Lagano.[2] (*Id.* ¶ 5.)

---

[1] "RC ECF No." refers to the docket entries in *Trobiano v. Lagano*, No. 19–cv–04886. According to Lagano, "[p]ursuant to [N.J.S.A. §3B:15-1(f),] a surety bond in the … amount of $1,000.00 with … Liberty Mutual was taken out for the sole purpose to continue [two] lawsuits on behalf of the … Estate[.]" (RC ECF No. 3 p. 3.)

[2] On May 21, 2007, Frances Lagano was appointed as the Estate's administrator. (RC ECF No. 1-1 ¶¶ 3–10.) On March 12, 2012, Lagano was appointed substitute

The Estate is still open because at least one lawsuit involving the Estate remains pending.[3]  (RC ECF No. 3 p.2.)  Trobiano has also indicated in prior briefing that "the [E]state remains open."  (RC ECF No. 21 p.9.)

### B. Removal, Remand Motion, and Dismissal of Related Case

#### 1. Removal and Remand Motion

On February 6, 2019, Lagano removed the Related Case to this Court invoking diversity jurisdiction.  (RC ECF No. 1.)  On March 6, 2019, Trobiano filed a motion to remand, arguing that Lagano's removal was untimely and that the Court lacked subject matter jurisdiction due to incomplete diversity of citizenship.  (RC ECF No.2; RC ECF No. 2-2 pp.3–4.)  Lagano opposed the motion to remand and cross-moved to amend the notice of removal.  (RC ECFNo. 3.)  Trobiano replied to the opposition and opposed the cross-motion.  (RC ECF No. 4.)

On July 29, 2019, Magistrate Judge Steven C. Mannion issued a Report and Recommendation, which recommended that both the motion to remand and cross-motion to amend the notice of removal be denied.  (RC ECF No. 7.)  Judge Mannion found that Trobiano "failed to perfect service upon … Lagano in his individual capacity" and that Lagano never waived service of the Civil Complaint.  (*Id.* p.7.)  As such, Judge Mannion ruled that remand on the basis of untimely removal was not warranted because "the removal period for … Lagano as an individual was never triggered."  (*Id.*)  Judge Mannion also "review[ed] the citizenship of the parties in each of their capacities [and] determine[d] that complete diversity of citizenship exists."  (*Id.* p.13.)  Finally, Judge Mannion recommended denial of Lagano's cross-motion to amend the notice of removal.

---

administrator of the Estate following Frances Lagano's death on July 29, 2011.  (*Id.* ¶¶10–13.)

[3] *Estate of Frank P. Lagano v. State of New Jersey, et al.*, Civil Action No. 12–cv–05441–KSH–CLW.

3

(*Id.* p. 14.) On October 23, 2019, Judge Arleo adopted Judge Mannion's Report and Recommendation. (RC ECF No. 11.)

### 2. Dismissal

On December 17, 2019, Lagano filed a motion to dismiss the Civil Complaint pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). (RC ECF No. 13.) Lagano argued that Trobiano's claims were time-barred (RC ECF No. 13-1 pp. 11–15), and that Trobiano failed to state claims upon which relief could be granted as to counts one through five. (*Id.* pp. 17–22.) Trobiano opposed the motion to dismiss (RC ECF No. 21) and Lagano replied (RC ECF No. 22).

On June 23, 2020, Judge Arleo issued a Letter Order granting the motion to dismiss. (RC ECF No. 28.) Judge Arleo dismissed counts one through five of the Civil Complaint without prejudice insofar as they were asserted against Lagano in his capacity as substitute administrator, since Trobiano "did not bring these claims within nine months of [d]ecedent's death." (*Id.* pp. 3, 5.) Judge Arleo also found that counts one through five insofar as they were asserted against Lagano individually were "barred by New Jersey's statute of frauds" and dismissed these counts with prejudice. (*Id.* pp. 4, 5.) Count six against Lagano, as substitute administrator and individually, was dismissed "without prejudice to refile." (*Id.* p. 5.)

Importantly, Judge Arleo observed that "this Court may not be … the appropriate forum to raise" Trobiano's claims. (*Id.* p. 3.) A footnote in the Letter Order provides, "[t]o the extent that probate remains ongoing in the Surrogate's Court, this Court may lack jurisdiction under the 'probate exception' to federal diversity jurisdiction." (*Id.* p. 3 n.8.) Trobiano was directed to refile counts one through five against Lagano in his capacity as administrator "in the Surrogate's Court."[4] (*Id.* p. 5.)

---

[4] The Surrogate's Court shall not act in any matter in which the Surrogate certifies the case to be "of doubt or difficulty" or a dispute "as to any matter" has arisen before the Surrogate's Court. N.J. Ct. R. 4:82; *see also* N.J.S.A. 3B:2-5. "In an action brought because the Surrogate's Court is barred from acting by R. 4:82", venue "*shall* be laid *in that county*." N.J. Ct. R. 4:83-4 (emphasis added).

## II. CURRENT CASE

### A. Trobiano's Claims in the New Jersey Superior Court, Probate Part

Pursuant to the Letter Order's directive to refile this matter in the "Surrogate's Court," on July 10, 2020, Trobiano filed the Probate Complaint and request for an Order to Show Cause in the Probate Part (Current Case).[5] (ECF No. 1-2 pp.2–13, 38–42.) The Probate Complaint asserts six causes of action: money lent (count one); money had and received (count two); breach of contract (count three); implied breach of contract (count four); unjust enrichment (count five); and claims pursuant to N.J.S.A. 3B:22-40 (count six). (*Id.* pp.6–12.) The Probate Complaint does not identify Lagano individually as a named party. (*Id.*) The caption, consistent with this Report and Recommendation, is entitled: "*In the Matter of the Estate of Frank P. Lagano, a/k/a Frank P. Lagano, Sr., Deceased.*"[6] (*Id.* p.2.)

The Probate Complaint identifies decedent's surviving children—Lagano, Anne C. Lagano, and Corrine M. Lagano—as "Interested Persons" with "an interest in this proceeding." (*Id.* ¶15.) The Probate Complaint as to counts one through five demands judgment against the Estate and Lagano in his capacity as substitute administrator. (*Id.* pp.7, 9, 10, 11.) The Probate Complaint also demands judgment against the Interested Parties jointly and severally as to count six only. (*Id.* p.12.)

The Probate Complaint identifies the subject Loan and specifically asserts that "[t]he purpose of the Loan[] was for [decedent] to purchase shares of stock in

---

[5] "[A]ll complaints [in the Superior Court, Chancery Division, Probate Part] shall be verified by the plaintiff upon oath[.]" N.J. Ct. R. 4:83-5.

[6] "In all actions for the probate of a will, for letters of administration or guardianship of a minor or mentally incapacitated person and other actions brought pursuant to these rules [*General Rules for Probate Matters in Which the Surrogate May Not Act*], every paper shall be entitled: 'In the Matter of the Estate of [Decedent's Name], Deceased[.]'" N.J. Ct. R. 4:83-3.

5

a company" known as "World Waste[.]"  (*Id.* ¶ 30.)  Upon the sale of those shares, decedent was obligated to repay the Loan. (*Id.* ¶¶ 30–31.)  After decedent purchased World Waste stock using the Loan, World Waste became Vertex Energy, Inc. (Vertex). (*Id.* ¶¶ 32–33.)  The Probate Complaint alleges that in April of 2014, Lagano, who by that juncture was also the Estate's Administrator, sold the Vertex shares "at a profit" and agreed with Trobiano to repay the Loan but later refused to pay.  (*Id.* ¶¶ 34–37.)

An order to show cause issued by the Probate Part (Probate Order) directed the "parties in interest named in the [Probate] Complaint" to "appear and show cause" on August 28, 2020, before The Honorable Edward A. Jerejian, P.J.Ch., "in the … Chancery Division, Probate Part[.]"[7] (*Id.* p. 38.)  The Probate Order "seek[s] relief by way of summary action … pursuant to [N.J. Ct.] R. 4:83-1[.]" (*Id.*)  Among other relief sought, the Probate Order states that Trobiano seeks judgment against the Estate for $187,500.00, along with a determination of whether decedent's assets "descended to" the Interested Parties. (*Id.* p. 39.)  The Probate Order directs any interested party served with the Probate Complaint and Probate Order to serve "a written answer, an answering affidavit, a motion returnable on the date this matter is scheduled to be heard, or other response to this Order[.]" (*Id.* p. 39.)  Such filing "shall be made with the Surrogate of Bergen County" and "must" be filed. (*Id.* p. 40.)  The Probate Order is signed by the Deputy Surrogate of Bergen County.[8] (*Id.* p. 42.)

### B. Removal, Remand, and Consolidation

In spite of Judge Arleo's instruction to Trobiano to file the Current Case to proceed in the Probate Part of the Chancery Division, Lagano removed the Current

---

[7] "The [Probate] court shall try the action on the return day, or on such short day as it fixes."  N.J. Ct. R. 4:67-5.

[8] "In all matters relating to estates of decedents …, other than those set forth in R. 4:80 [*Application to Surrogate's Court For Probate Or Administration*] … all papers shall be filed with the Surrogate of the county of venue as the deputy clerk of the Superior Court, Chancery Division, Probate Part, pursuant to R. 1:5-6."  N.J. Ct. R. 4:83-2.

Case to this Court on August 17, 2020, invoking diversity jurisdiction. (ECF No. 1.) On September 4, 2020, Trobiano filed the present Motion to Remand. (ECF No. 4.) Trobiano contends that remand is proper because: (1) the probate exception deprives the Court of subject matter jurisdiction over the Current Case; and (2) 28 U.S.C. §1441(b)(2), the forum defendant statute, precludes removal because Lagano, as substitute administrator, is a citizen of New Jersey. (ECF No. 4-3 pp. 3–5.)

On October 5, 2020, Lagano opposed the Motion to Remand, disputing the applicability of the probate exception and forum defendant rule. (ECF No. 8.) Specifically, Lagano argues that the Probate Complaint and Probate Order seek *in personam* judgments and relate to assets "not within the jurisdiction of the" Probate Court. (*Id.* p. 9.) Lagano also argues that the Probate Complaint does not seek to probate or annul a will, does not seek to administer an Estate, and does not seek to dispose of assets in the Probate Court's custody. (*Id.* pp. 11–14.) As to the forum defendant rule, Lagano claims that since Trobiano failed to perfect service of process on Lagano (both individually and as substitute administrator) and the Interested Parties, they were not "properly joined and served." (*Id.* p. 22.)

After Lagano removed this matter on August 17, 2020, but before the Motion to Remand was filed on September 4, 2020, Lagano filed a motion to consolidate on August 26, 2020, seeking consolidation of the Related Case—which Judge Arleo dismissed—with the Current Case. (RC ECF No. 33.) On September 9, 2020, I administratively terminated the motion to consolidate in the interests of justice and efficiency, with leave to Lagano "to move for such relief again upon the resolution of the Motion to Remand … if appropriate." (RC ECF No. 38.)

On October 19, 2020, the Motion to Remand was referred to me for a Report and Recommendation. Since I find that the probate exception applies to the Current Case and divests the Court of subject matter jurisdiction, I recommend that the Motion to Remand be **GRANTED**.

## LEGAL ANALYSIS AND DISCUSSION

### I. STANDARD OF REVIEW

A state court action that could not have been filed originally in federal court cannot be removed to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. §1441(a)). As 28 U.S.C. §1441(a) provides, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district … embracing" the pending action. 28 U.S.C. §1441(a). Removal statutes must be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand. *See Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," a case removed from state court shall be remanded. 28 U.S.C. §1447(c).

### II. THE PROBATE EXCEPTION

An issue in the Motion to Remand is "whether the 'probate exception' to diversity jurisdiction prevents consideration of any or all" of the Probate Complaint and Probate Order. *Three Keys Ltd.*, 540 F.3d at 225–26. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Indeed, "[t]here are limited circumstances in which the federal courts lack [diversity] jurisdiction … [o]ne such circumstance is the probate exception." *New Jersey ex rel. McDonald v. Copperthwaite*, No. 13-05559, 2014 WL 2208159 (D.N.J. May 28, 2014). The probate exception functions as "a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789." *Three Keys Ltd.*, 540 F.3d at 226.

District courts within the Third Circuit apply the probate exception where "a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Id.* at 227. "Under this exception, federal courts lack jurisdiction over 'the probate or annulment of a will [or] the administration of

8

a decedent's estate.'" *Anglin v. Anglin*, No. 16-04049, 2018 WL 1278304, at *2 (D.N.J. Mar. 12, 2018) (quoting *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). "[T]he probate exception … precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall*, 547 U.S. at 311–12.

### A.   Facts Alleged In The Probate Complaint

According to the Probate Complaint, decedent died intestate on April 12, 2007. (ECF No. 1-2 ¶ 2). The Surrogate of Bergen County appointed decedent's surviving spouse, Frances Lagano, as the Estate's administrator. (*Id.* ¶ 3.) She disclaimed "certain intangible personal property[.]" (*Id.* ¶¶ 8, 9.) Frances died on July 29, 2011, though the Probate Complaint does not specify whether Frances died intestate. (*Id.* ¶ 11.) Subsequently, Lagano was appointed as the substitute administrator of decedent's Estate on March 12, 2012. (*Id.* ¶ 12.) Lagano filed an affidavit of value in connection with his petition to the Surrogate's Court for letters of substitutionary administration on March 20, 2012. (*Id.* ¶ 13.)

The Probate Complaint alleges that in April of 2014, Lagano sold the Vertex stock, which had been purchased with the money from Trobiano's Loan to decedent, "at a profit." (*Id.* ¶ 34.) The Probate Complaint is not pleaded with precision and does not specify how Lagano came to possess the Vertex shares.[9] (*Id.*) However, when Lagano purportedly sold the stock in question, Lagano was by that juncture the substitute administrator of decedent's Estate, and the Estate remained open. The Probate Complaint demands judgment against Lagano as

---

[9] In opposition to the Motion to Remand, Lagano represents that "at no point in time in [Lagano's] official capacity from the time of his appointment in March of 2012 to the present day has he ever sold the stock in question referenced by … Trobiano … [n]or is any stock held in the name of [decedent's] Estate." (ECF No. 8 p. 3.) However, I decline to reach the merits of Trobiano's claims–or Lagano's defenses–at this juncture. On Trobiano's Motion to Remand, the essential question is whether this Court may properly retain subject matter jurisdiction over the Current Case.

substitute administrator and the Estate. (*Id.* pp. 7, 9–12.) Trobiano has "filed a proof of claim with the Surrogate of Bergen County." (*Id.* ¶ 14.)

### B. Facts In The Probate Complaint Applied To Probate Exception

In light of the Probate Complaint's allegations against Lagano in his capacity as the Estate's fiduciary, Trobiano essentially asks the Court to "find [a fiduciary] liable for taking funds that do not belong to [him]" in order to "make sure the funds are restored to their rightful owner." *Est. of Czarnetzki v. Andrews*, No. 12-06923, 2012 WL 5869159, at *2 (D.N.J. Nov. 19, 2012). This finding necessarily entails a determination of "whether the funds at issue belong to the Estate." *Id.* "But deciding what belongs to the Estate is the same thing as administering the Estate, and that is precisely what *Marshall* [*v. Marshall*, 547 U.S. 293 (2006)] prohibits." *Id.* (citation omitted).

As a practical matter, it is well-settled that challenges to the manner by which a fiduciary administers an Estate would require the Court to "usurp the powers and authority of a probate court." *Sw. Sur. Ins. Co. v. Wells*, 217 F. 294, 299 (E.D. Pa. 1914). Moreover, to find that a claimant suffered any damages as a result of a fiduciary's conduct would be tantamount to "taking over the assets of a decedent's estate and administering them" by way of probate. *Id.* "The *Three Keys* court specified [that] the … administrator … of an estate is an officer of the probate court and thus subject to that court's jurisdiction and control." *Rothberg v. Marger*, No. 11-05497, 2013 WL 1314699, at *8 n.5 (D.N.J. March 28, 2013) (citation omitted). "Thus, the probate court maintains jurisdiction to determine the validity of actions by an administrator concerning estate property." *Id.*[10] The probate exception divests the Court of subject matter jurisdiction here.

---

[10] In New Jersey, for an action brought against a fiduciary who received letters of appointment to account for the estate for which the fiduciary is chargeable, or for directions by the court as to the fiduciary's authority or duties, "venue shall be laid in the county in which the fiduciary received the letters of appointment." N.J. Ct. R. 4:83-4(c).

10

Furthermore, Trobiano's Probate Order confirms the propriety of probate exception applicability here. Among other relief sought, the Probate Order seeks a judgment determining: (1) whether Trobiano is "entitled to a judgment of $187,500, plus interest against the [E]state of the [d]ecedent, and" against Lagano (as substitute administrator); and (2) whether "[d]ecedent's assets descended to" Lagano and the Interested Parties. (ECF No. 1-2 p. 39.) If the Court must first determine whether a party is entitled to property from a decedent's Estate, the Court undertakes a probate function that "triggers … the probate exception." *Copperthwaite*, 2014 WL 2208159, at *15. Where a party seeks an order declaring and securing the party's or other interested parties' rights to a decedent's estate, "such an order would essentially amount to an attempt by the Court to administer the estate of decedent[.]" *Surgick v. Cirella*, No. 09-03807, 2012 WL 1495422, at *3 (D.N.J. Apr. 27, 2012). In a diversity action, the probate exception prohibits a federal court from taking such action. *Id.*

Relatedly, resolving the issue of whether decedent's assets descended to his heirs (*i.e.*, Lagano and the Interested Parties)—the precise relief sought in the Probate Order—would "require the Court to determine whether [specific property] constitutes an estate asset, the precise sort of estate administration similarly proscribed by … the probate exception." *Grey v. Johansson*, No. 13-07497, 2014 WL 4259432, at *4 (D.N.J. Aug 26, 2014) (citing *Est. of Czarnetzki*, 2012 WL 5869159, at *2 (dismissing a complaint for lack of subject matter jurisdiction where relief requested would entail court determination of "what belongs to the [e]state")).

Based on the foregoing authority and the specific relief sought by Trobiano in the Probate Order, I find that the Current Case falls squarely within the ambit of the probate exception, and thus deprives the Court of subject matter jurisdiction.

### C. All Probate Issues Should Be Centralized Before the Probate Part

In addition, courts have found that the probate exception aims "to ensure that all probate matters are managed by a single, specialized court[.]" *Bosley v.*

11

*Bosley*, No. 07-01380, 2008 WL 2048665, at *4 (M.D. Pa. May 12, 2008). In New Jersey, the Probate Part adjudicates "[a]ll actions" initiated "pursuant to R. 4:83 et seq." which "*shall* be filed and *heard in the Chancery Division, Probate Part*." N.J. Ct. R. 4:3-1(a)(2) (emphasis added). Such an action "shall be brought in a summary manner by the filing of a complaint and issuance of an order to show cause pursuant to R. 4:67." N.J. Ct. R. 4:83-1. "New Jersey's probate law recognizes the general authority of the Chancery Division, Probate Part, over 'all controversies respecting wills, trusts and estates, and full authority over the accounts of fiduciaries, and also authority over all other matters and things as are submitted to its determination under [Title 3B].'" *Garruto v. Cannici*, 397 N.J.Super. 231, 241 (App. Div. 2007) (quoting N.J.S.A. 3B:2-2.) "Issues of liability as between the estate and the fiduciary individually may be determined in a proceeding for accounting, surcharge or indemnification or other appropriate proceeding." N.J.S.A. 3B:14-34.

The Probate Part of the Chancery Division is purposed to manage all probate matters. Thus, remanding this case for further proceedings in the Probate Part—as Judge Arleo effectively directed in the Letter Order—furthers the probate exception's goal to have all probate matters "managed by a single, specialized court." *Bosley*, 2008 WL 2048665, at *4.

### D. Lagano's Arguments Do Not Provide Any Basis To Deny the Motion to Remand

Lagano advances a number of arguments in opposition to the Motion to Remand. Lagano's chief arguments are unpersuasive but will be addressed in turn.

Lagano argues that Trobiano's claims "all fall outside the probate exception[']s narrow reach, as they do not seek to administer an estate[.]" (ECF No. 8 p.18.) I reject that argument. Again, where a party seeks an order declaring and securing the party's or other interested parties' rights to a decedent's estate, "such an order would essentially amount to an attempt by the Court to administer the estate of decedent[.]" *Surgick*, 2012 WL 1495422, at *3.

12

Moreover, Trobiano does not "seek[] an *in personam* judgment" against Lagano.[11] (ECF No. 8 pp. 17, 20.) Among other relief sought, Trobiano's Probate Order seeks a judgment determining whether "[d]ecedent's assets descended to" Lagano and the Interested Parties. (ECF No. 1-2 p. 39.) Such determinations are properly entrusted to the Chancery Judge in the Probate Part. Were this Court to retain subject matter jurisdiction over this matter, the placement of probate assets into decedent's Estate would prompt this Court to assert *in rem* jurisdiction over those assets, which is prohibited under the probate exception. *Three Keys Ltd.*, 540 F.3d at 226. Courts within the Third Circuit apply the probate exception where "a federal court is endeavoring to … assume *in rem* jurisdiction over property that is in the custody of the probate court." *Id.* at 227.

Lagano next argues that "there are no estate assets presently held by [decedent's] [E]state[.]" (ECF No. 8 p. 8.) However, just because the Estate could be devoid of probate assets presently does not mean this Court should retain subject matter jurisdiction in the face of the probate exception, and does not signify that Trobiano is without recourse. Lagano in opposition recognizes the possibility that, depending on the outcome of a separate pending lawsuit involving the Estate, "future assets" may be placed "into the Probate Court's custody on behalf of the Estate." (*Id.*) Lagano also concedes that "although a belated creditor may under oath serve a claim out of time upon the Estate's representative pursuant to N.J.S.A. 3B:22-10, the section only applies if Estate assets still exist *or will exist in the future*." (*Id.* p. 21 (emphasis added).) Also, a creditor's claim is not invariably barred for untimeliness since the Estate itself may remain liable, even

---

[11] Under *Three Keys*, courts are instructed to appreciate "'the distinction between an *in personam* action seeking a judgment that a party has the right to a distributive share of an estate,' on the one hand, and an *in rem* action that 'seeks a determination of a party's interest' in specific estate property[,]" on the other. *Johansson*, 2014 WL 4259432, at *3 (quoting *Three Keys*, 540 F.3d at 230). Trobiano's claims focus on a particular Loan used to purchase Vertex stock, which became probate property of decedent's Estate. (ECF No. 1-2, ¶¶ 6, 18–24, 29–37.) In prior submissions to the Court, Trobiano provided "additional certifications and exhibits which purportedly indicate that the Loan[sic] [was] later reported to the Surrogate's Court and which evince [Lagano's] receipt and sale of the [Vertex] stock." (RC ECF No. 28 p. 5 (citing RC ECF No. 21).)

13

if the personal representative's liability is discharged. *Pitale v. Leroy Holding Co.*, 65 N.J.Super. 361, 365–67 (Ch. Div. 1961). The Probate Complaint seeks judgment against the Estate itself. (ECF No. 1-2 pp. 7, 9, 10, 11.) Further, if a creditor fails to present a timely claim under N.J.S.A. 3B:22-40, and assets remain after payment of the timely claims, the creditor can present the claim for payment before the remaining assets are distributed. N.J.S.A. 3B:22-10.

Lastly, an Estate's distributees—such as the Interested Parties in this case—may be ordered to pay the debt (*i.e.*, the Loan). N.J.S.A. 3B:22-16. This Court cannot resolve questions concerning whether probate assets even remain in decedent's open Estate, as doing so would entail administering that Estate—a function prohibited by the probate exception.

Lagano also argues that Trobiano's Motion to Remand should be denied because Judge Arleo's Letter Order supposedly instructed Trobiano to re-plead count six "before this Court." (ECF No. 8 pp. 2, 4.) Judge Arleo dismissed counts one through five without prejudice insofar as they were asserted against Lagano in his capacity as administrator "to refile *in the Surrogate's Court*." (RC ECF No. 28 p. 5 (emphasis added).) Judge Arleo dismissed count six because it was pleaded insufficiently, indicating that "any amended Complaint should address when … proceeds of the Loans were devised to or inherited by [Lagano]." (*Id.*) While the Probate Complaint appears to omit specific allegations regarding how Lagano came to possess the Vertex shares, such a determination amounts to a probate function that should be carried out by the Chancery Judge in the Probate Part. Thus, the inclusion of count six in the Probate Complaint is not a basis to deny remand.

Lagano further argues that "[t]here is no remand to be had presently because the Chancery Probate Judge by Order dated August 27, 2020 dismissed [the Probate Complaint] because the same exact Six Claims already exist and were previously removed to federal court under" civil action number 19-cv-04886. (ECF No. 8 pp. 3, 29.) This argument distorts the procedural posture of this case.

14

After Lagano removed the Current Case to this Court on August 17, 2020 (ECF No. 1), Judge Jerejian filed an Order dismissing the state court action on August 27, 2020.  (ECF No. 10-12.)  I have no basis to determine that Judge Jerejian dismissed the Current Case in response to Judge Arleo's dismissal of the Civil Complaint in the Related Case two months earlier on June 23, 2020 (RC ECF No. 28), when Lagano's second Notice of Removal was filed on August 17, 2020.  (ECF No. 1.)  It appears that Judge Jerejian's Order inadvertently identifies the civil action number corresponding to the Related Case, which Judge Arleo had already dismissed, because Lagano had misleadingly identified the Current Case as having been consolidated with the Related Case in his removal papers.  (ECF No. 10-12.)

Finally, Lagano claims that "Trobiano seeks to hold *Defendants* (now three heirs called 'interested parties') 'jointly and severally liable' as a result of assets" having descended from decedent.  (ECF No. 8 p. 2 (emphasis added).)  Lagano's characterization of the Interested Parties as "Defendants" might constitute an additional basis for remanding this matter for want of subject matter jurisdiction.  Lagano previously "demonstrated" to this Court that "[Trobiano], both individually and as trustee[,] is a citizen of Florida."  (RC ECF No. 3 pp. 1, 4, 5.)  According to the Probate Complaint, Anne C. Lagano has an address in Palm Beach, Florida—the state in which Trobiano is a citizen. (ECF No. 1-2 ¶ 15.)  The Probate Complaint does not plead the elements of diversity jurisdiction since Trobiano sought to comply with Judge Arleo's instructions to refile this matter in the appropriate state court.  (ECF No. 1-2.)  While no party has yet pleaded to the "citizenship" of Anne C. Lagano, this Court may be divested of jurisdiction on this additional ground.  Ultimately, I need not decide the Motion to Remand on the basis of incomplete diversity of citizenship between Trobiano and "Defendants" since I have already found that the probate exception applies.

15

## CONCLUSION

Accordingly, and for the reasons stated above, I recommend that the Motion to Remand (**ECF No. 4**) be **GRANTED**. I also recommend that this matter (**Civil Action No. 20-10793**) be **CLOSED**. The parties have **14 days** to file and serve any objections to this Report and Recommendation pursuant to Local Civil Rule 72.1(c)(2).

                                             */s/ Edward S. Kiel*
                                             **EDWARD S. KIEL**
                                             **UNITED STATES MAGISTRATE JUDGE**

Date: November 25, 2020